[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12909
Non-Argument Calendar
_____

D.C. Docket No. 4:18-cv-02114-RDP-JHE


VAUGHN JOHNSON,

Plaintiff-Appellant,

versus

ACTING UNITED STATES ATTORNEY GENERAL,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY,
MARC J. MOORE,
Field Operations Director,
JONATHAN HORTON,
Sheriff of Etowah County,
DAVID RIVERA,
Field Operations Director, New Orleans, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 3, 2021)

Before  WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Vaughn Johnson appeals from the district court's order dismissing his pro se complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for lack of subject matter jurisdiction.  On appeal, he argues that the district court erred in concluding that it lacked subject matter jurisdiction over his case.  After thorough review, we affirm.

We review de novo a district court's determination about whether it has subject-matter jurisdiction over a complaint.  Gupta v. McGahey, 709 F.3d 1062, 1064-65 (11th Cir. 2013).

The Immigration and Nationality Act ("INA") deprives the district courts of subject matter jurisdiction over specific types of immigration actions.  In relevant part, § 1252(g) provides that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  The statute further says that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal."  Id. § 1252(a)(5).

2

We've explained that § 1252(g) is "unambiguous" in that it bars federal courts' subject matter jurisdiction "over any claim for which the 'decision or action' of the Attorney General [] to commence proceedings, adjudicate cases, or execute removal orders is the basis of the claim." Gupta, 709 F.3d at 1065. In Gupta, a removable alien brought a Bivens action, arguing that federal agents illegally created an arrest warrant, illegally arrested him, and illegally detained him. Id. at 1064. We squarely held that § 1252(g) barred the court from reaching the merits of those claims. Id. at 1065-66.

Here, the district court did not err in dismissing Johnson's case for lack of subject matter jurisdiction. The complaint alleges that Immigration and Customs Enforcement ("ICE") lacked probable cause to issue a detainer or a warrant for Johnson's arrest, and because of this illegal seizure, his notice to appear, his detention and the subsequent final order of his removal are unconstitutional. Based on Johnson's allegations, it is clear that the commencement of removal proceedings, the detention order, and the removal order form the basis of his Bivens claim. Thus, like the appellant in Gupta, Johnson is attempting to challenge his underlying immigration orders and to obtain declaratory relief from the district court that his ICE detainers, notice to appear, detention order, and removal order are unconstitutional. As we held in Gupta, however, this kind of challenge "unambiguous[ly]" is included within the exclusionary language of § 1252(g). Id.

Accordingly, just as we held in <u>Gupta</u>, the district court was barred from reaching the merits of Johnson's claims because § 1252(g) stripped jurisdiction of those matters from the district court. 8 U.S.C. § 1252(g); <u>see also</u> <u>Gupta</u>, 709 F.3d at 1065-66. We, therefore, affirm the district court's dismissal of Johnson's complaint for lack of jurisdiction.

**AFFIRMED**.